IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO.: 26-10044
DISTRICT COURT DOCKET NO.: 8:23-CV-02996-VMC-AEP

JESSE LEE
Appellant,

v.

CITY OF GULFPORT and JAMES O'REILLY
Appellees.

**Appellees City of Gulfport and James O'Reilly's Joint Response in Opposition to Appellant's Motion to Strike, or in the Alternative, Joint Motion for Leave to File Separate Briefs or a Joint Brief Within Ten (10) Days**

DONOVAN A. ROPER, ESQ.
Florida Bar No.: 858544
IAN P. DEPAGNIER, ESQ.
Florida Bar No.: 0116385
R. DUSTYN RING, ESQ.
Florida Bar No.: 1049924
ROPER & ROPER, P.A.
116 North Park Avenue
Apopka, FL 32703
Tel: 407-884-9944
Fax: 407-884-4343
Counsel for Appellees

DATED: May 26, 2026

## CERTIFICATE OF INTERESTED PERSONS

Appellees, CITY OF GULFPORT and JAMES O'REILLY, certify that the following persons have an interest in the outcome of this appeal:

City of Gulfport (Appellee)

Covington, Hon. Virginia M. Hernandez (U.S. District Judge)

Depagnier, Ian P., Esq. (Counsel for Appellees)

LaHart, Marcy Esq. (Counsel for Appellant)

Lee, Jesse (Appellant)

Marcy I. LaHart, P.A. (Law Firm for Appellant)

O'Reilly, James (Appellee)

Porcelli, Hon. Anthony E. (U.S. Magistrate Judge)

Ring, R. Dustyn, Esq. (Counsel for Appellees)

Roper, Donovan A., Esq. (Counsel for Appellees)

Roper & Roper, P.A. (Law Firm for Appellees)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1 through 26.1-3, the undersigned certifies that no publicly held company has an interest in the outcome of this appeal.

## RESPONSE TO MOTION TO STRIKE

Defendant-Appellees City of Gulfport (the "City") and James O'Reilly ("Mr. O'Reilly"), pursuant to Fed. R. App. P. 27(a)(3), hereby respond jointly to the Plaintiff-Appellant Jesse Lee's ("Lee") Motion to Strike Answer Briefs as follows:

## INTRODUCTION

As his first response to Appellees' briefs, Appellant Lee moves to strike Appellees' answer briefs, both of which were timely filed on May 1, 2026. *See* Docs. 22 and 16.[1] In his motion, Appellant cites to two unpublished opinions[2] that are not accessible on Westlaw which cite to I.O.P. 2 to Fed. R. App. P. 28, the "one attorney, one brief" rule.

## MEMORANDUM OF LAW

### I.  This Court should deny Lee's Motion to Strike Answer Briefs.

The Rules of the United States Court of Appeals for the Eleventh Circuit state, right at the beginning, that "Circuit rules not

---

[1] Lee belabors the irrelevant fact that the City filed a "corrected" brief, Doc. 17, without leave of Court, merely removing an accidentally repeated Table of Contents from Doc. 15, without making *any* substantive changes whatsoever.

[2] I.O.P. 6 to Fed. R. App. P. 36 points out importantly that unpublished opinions are not binding precedent.

inconsistent with [the Federal Rules of Appellate Procedure, or 'FRAP'] FRAP govern." Lee misstates the point Appellees made in emails with his counsel; the point was not that the Circuit Rule cited by Lee "could be disregarded," but instead that the Circuit Rule in question should not be considered <u>binding</u> or governing because it is, plainly stated, wholly inconsistent with Fed. R. App. P. 28(i). FRAP 28(i) makes it clear that in a case involving multiple appellees, appellees "**<u>may</u>** join in a brief" (emphasis added), not that they ***have*** to file only one brief, or that they cannot file separate briefs. Moreover, the 11th Circuit Rules hold that parties may adopt by reference a part of another's brief (as Appellees did in this case to try to save space and Court time), implying that they would naturally file separate briefs. There is absolutely no language in FRAP 28 that says that in a case involving multiple appellees, they *have* to file a joint brief if they are represented by the same law firm. Again, its language is wholly permissive. To the extent that I.O.P. 2 imposes any such requirement, it contradicts FRAP 28(i), and thus should not be considered binding on Appellees.

Secondly, Rule 47 of the Federal Rules of Appellate Procedure admonishes against the application of local rules that impose a

"requirement of form" "in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." To the extent that Lee's motion implies that the undersigned knowingly disregarded I.O.P. 2, it is inaccurate and a misrepresentation. The City and Mr. O'Reilly should not suffer or lose the full advantage of the unique legal defenses afforded to them by law because such an 11th Circuit Rule which flies in the face of the FRAP which permissively allows each appellee a separate brief. Lee's argument here is not that Appellees did not timely file their briefs—they did—but that they were not in the "form" required by Circuit Rule I.O.P. 2 to FRAP 28, which supports the application of FRAP 47 to the instant scenario.

Thirdly, I.O.P. 2 to FRAP 28 imposes a peculiar requirement that is tantamount to saying that if parties without a conflict of interest in a matter choose to be represented by one law firm for fiscal or practical purposes, such parties are then at a disadvantage of being able to file only one brief, with the concomitant word- and page- limit limitations, even if they have *wholly* separate legal defenses available to them, as is the case here, and must file a motion for permission to be able to file separate briefs, when they would not

have to if they were represented by separate attorneys. Such a requirement effectively unfairly rewards those entities and individuals with the financial resources to farm out appeals to separate defense and appellate counsel by allowing them additional space for legal arguments and analysis without any apparent substantive justification.

Notably, in *Heghmann v. Djamel Hafiana*, cited by Appellant Lee, the plaintiff in that case sued several members of one family in an action arising out of a landlord-tenant dispute that was complicated by pending bankruptcy proceedings filed by the plaintiff. *Heghmann v. Hafiani*, No. 21-12650, 2022 WL 14803783, at *3 (11th Cir. Oct. 26, 2022). The Court, in the decision cited by Lee, precluded Daniel and daughter Miriam from filing separate briefs. While the family members in that case may have had separate legal defenses, they did not have qualified immunity from suit, as does Mr. O'Reilly, in this appeal, nor would the differences in the applicable arguments and defenses have warranted separate briefs as they do in this case where the legal principles applicable to the counts against the separate parties are separate and distinct and involve complex 42 U.S.C. § 1983 constitutional claims, as opposed to a case where a

bankruptcy proceeding was the only discernible nexus for bringing the case into federal court.

Finally, given this Court's longstanding preference for deciding cases on the merits, it would be unreasonable to strike Appellees' briefs without either providing Appellees the opportunity to file a joint brief with a larger word limit, or to file the separate briefs and accept them as properly filed given they appropriately and cogently address the issues in this case in a way that should assist the Court in resolving the issues. *See Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) ("[W]e have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible."). Lee is not actually concerned about compliance with I.O.P. 2—his Motion to Strike is solely an attempt to capitalize on a hypertechnical rule and nothing more. This Court should recognize that and not impose an unjustified, unfair, and punitive sanction for a nonwillful violation, if any, of a local rule that totally contradicts the FRAP.

**II.** **This Court should deem the separate briefs filed by Appellees properly filed, or allow Appellees leave to file separate briefs, or alternatively provide leave for a joint brief.**

FRAP 27(a)(3)(B) allows a party responding to a motion to "include a motion for affirmative relief" within the response itself. Appellees invoke this Rule to seek, admittedly *nunc pro tunc*, permission to file the separate briefs "out of time"—though they were originally timely filed but, if Lee's argument is accepted, without leave—or alternatively, leave to file a joint brief with a larger word limit. Still, Appellees would strongly urge and respectfully submit to this Court that the submission of a joint brief by Appellees would unnecessarily constrain both Appellees and disadvantage them in terms of word/page-count limits solely because they chose to retain one law firm for practical and fiscal reasons, thereby disadvantaging Appellees unjustifiably in this appeal. The City's brief in this matter and in the Eleventh Circuit court file is already near the word limit.

There is no question that the analysis of qualified immunity, should this Court need to reach it, is one that is difficult and complex, and one that calls for detailed and separate briefing by Mr. O'Reilly. *Payne v. Britten*, 749 F.3d 697, 707 (8th Cir. 2014) ("I am sympathetic

to the difficult task any district court confronts trying to apply the complex doctrine of qualified immunity…”). The question is not merely whether a constitutional violation occurred—the only question that must be answered *as to the City* in this matter, besides the issue of the existence of a *Monell* custom or policy—but, additionally, as a second step, whether any such violation was in derogation of any clearly established case law. This analysis is supposed to occur at the earliest possible stage in litigation. *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (per curiam). Mr. O’Reilly has already fully briefed the issue. *See* Doc. 16.

Indeed, such an analysis requires one to look at the holdings and facts of cases from prior precedent to ascertain whether it could be said that any clearly established rule arose as a result, as clearly established law cannot be defined at a high level of generality, as Lee would have this Court do, based on his initial brief. *See Ashcroft v. al-Kidd,* 563 U.S. 731, 742 (2011) (“We have repeatedly told courts not to define clearly established law at a high level of generality.”). Qualified immunity gives “government officials breathing room to make reasonable but mistaken judgements about open legal questions.” *Id.* at 743. Properly applied, it protects “all but the plainly

incompetent or those who knowingly violate the law." *Id.* To meet the burden of showing the right at issue was clearly established, "plaintiffs [must] point either to 'cases of controlling authority in their jurisdiction at the time of the incident' or to 'a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful.'" *Id.* at 746.

Mr. O'Reilly should be allowed to develop his arguments on qualified immunity fully in a separate brief from that of the City, even if Appellees are in agreement that no constitutional violation occurred in this matter regardless. I.O.P. 2 to FRAP 28 should not be enforced in a manner that causes Mr. O'Reilly to lose his right to qualified immunity because of an unwitting failure to comply with an internal appellate rule. The types of issues involved support the idea that Mr. O'Reilly should be allowed to file a separate brief.

Moreover, the City's brief is more focused on showing why there was no constitutional violation in this matter, which the District Court correctly found to be the case, whereas Mr. O'Reilly analyzes the relevant past cases to show, in support of his qualified immunity argument, that there was no clearly established precedent which could have put him on notice that any of his conduct in this matter

was unconstitutional—if anything, in fact, it is the opposite. This analysis is wholly separate and apart from the arguments regarding whether there was a constitutional violation based on the case law on which Lee has focused repeatedly throughout this case—however mistakenly—and cites and analyzes cases that are not discussed to the same degree by the City, in large part. Finally, Lee's substantive due process claims are separate and distinct as to the City—whose informal trespass policy Lee has challenged as <u>legislative</u> action, whereas Mr. O'Reilly's actions were challenged as <u>executive</u> action.

For all of the above reasons, this Court should either deem the separate briefs filed by Appellees properly filed or alternatively provide leave to Appellees for the filing of separate briefs, as they should aid this Court in the resolution of the issues on the merits, or in the alternative, at the least, provide ten (10) days' leave for Appellees to file a joint brief with a significantly larger word limit, although Appellees would urge that such an option would be harder for this Court to read and interpret and far less natural than the filing of separate briefs. To do otherwise would provide for a wholly prejudicial and unjustifiably unfair result to Appellees herein.

<strong><u>CONCLUSION</u></strong>

Lee's Motion to Strike Answer Briefs should be denied. It is simply a litigation tactic aimed at capitalizing on a hyper-technical internal appellate rule, which is contradictory to the requirements of the Federal Rules of Appellate Procedure, not anything aimed at this case being decided on the merits as it was by the District Court. Appellees instead wish to litigate this matter on the factual and legal merits and have filed separate briefs *solely* to fully develop and present the arguments that Appellees wish to advance in support of the District Court's ruling in this matter—not out of any sort of willful noncompliance or disregard of this Court's internal Circuit Rules.

For these reasons, Counsel respectfully requests that the Court deny Appellant's Motion to Strike, or alternatively grant Appellees permission to file separate briefs, or alternatively, a joint brief with a larger word limit.

DATED: May 26, 2026

Respectfully submitted,

*/s/Ian P. Depagnier*
Donovan A. Roper, Esq.
Florida Bar No.: 0858544
Ian P. Depagnier, Esq.
Florida Bar No.: 0116385

R. Dustyn Ring, Esq.
Florida Bar No.: 1049924
Roper & Roper, P.A.
116 N. Park Avenue
Apopka, Florida 32703
Tel: 407-884-9944
Fax: 407-884-4343
email@roperandroper.com

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) as this response contains 2031 words, excluding the parts exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4. This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a serif typeface using Microsoft Word in Bookman Old Style 14-point font.

DATED: May 26, 2026

/s/ Ian P. Depagnier
Ian P. Depagnier, Esq.

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Fed.R.App.P. Rule 25(d), I certify that on May <u>26</u>, 2026, I electronically filed the foregoing using the Court's CM/ECF system, which will automatically send electronic copies to all counsel of record.

*/s/Ian P. Depagnier*
Ian P. Depagnier, Esq.
